WILLIAM J. FOSTER *vs.* JAMES R. BISLAND.

By the statute of 1830, Hutch. Code, 676, the act in relation " to sureties of executors or administrators, or their representatives, when such sureties conceive themselves in danger of suffering," &c. is made *to embrace* the sureties of guardians, giving said sureties the same *rights* as sureties of administrators, &c., and requiring the same duties of the court. *Held,* that the surety of the guardian, in this case, is entitled to be either discharged, or have counter security, whenever he shall by petition present a proper case to the court, and the decision of the probate court was erroneous.

ON appeal from the probate court of Adams county; Hon. Reuben Bullock, judge.

The opinion of the court contains a sufficient statement of the facts of the case.

*McMurran & Carson,* for appellant.

*Davis,* for appellee.

Mr. Justice FISHER delivered the opinion of the court.

At the January term, 1848, of the probate court of Adams county, the appellant filed his petition in the probate court of said county, alleging that at the August term, 1842, of said court, he became the surety of the appellee, on his bond as guardian of Susannah Sessions, in the sum of $30,000, and that he conceived himself in danger of suffering as such. The petition contained the proper prayer for relief, &c.

Appellee at the proper time appeared and answered the petition, denying that there existed any danger, and averring that the surety was fully protected by a deed in trust, &c. To this answer there was a demurrer, which was overruled by the court. The petitioner then filed a plea to the answer, which plea was demurred to; demurrer sustained and petition dismissed. From which judgment an appeal was taken to this court.

Foster *v.* Bisland.

Several questions have been made by counsel on the pleadings, which will not, however, be noticed, as the petitioner must have relief, if at all, on the case made by his petition.

The statute says, that " When sureties for executors or administrators, or their representatives, conceive themselves in danger of suffering thereby, and petition the court for relief, the court shall summon the executor or administrator, and shall have full power to order, either that the said executor or administrator shall give good counter security, or that he shall execute a new bond," &c.    Hutch. Code, 658.

By the statute of 1830, (Hutch. Code, 676,) the above quoted act is made to embrace the sureties of guardians, giving said sureties the same rights as sureties of administrators, &c., and requiring the same duties of the court.

These statutes appear to be too plain to admit of doubt or construction.    The surety is entitled to be either discharged or have counter security, whenever he shall by petition present a proper case to the court.    The fact that the principal gave a deed of trust to indemnify the surety, makes no difference, and is not a matter of which the court can take any notice.    The deed of trust having been given as indemnity, would of course be discharged when the surety is released.

The petition conforms to the statute, and we think the prayer of petitioner should be granted.

Judgment reversed ; cause remanded for further proceedings in court below.    Judgment against appellee for costs.