THOMAS COLEMAN *v.* A. H. LAMAR, Guardian.

1. PRACTICE: HIGH COURT OF ERRORS AND APPEALS.—Objections not made in the court below will not be considered by the Hight Court of Errors and Appeals.

2. PRACTICE AND PLEADING: PROBATE COURT: DEMURRER TO ANSWER.—In the Probate Court, a demurrer to an answer is improper. When an answer is filed, the petitioner has his election to go to trial upon petition and answer, and by so doing. he admits the truth of the answer, or to take proof to controvert the answer.

3. PROBATE COURT: GUARDIAN AND WARD: GUARDIAN'S BONDS: SURETY WHEN ENTITLED TO BE RELEASED.—The right of a surety on a guardian's bond to be relieved depends on the condition that he is in danger of suffering loss or damage by reason of his suretyship; the mere apprehension of loss, or desire of the security to be relieved, is not sufficient.

APPEAL from the Probate Court of Rankin county. Hon. J. W. McMaster, judge.

*George L. Potter* and *T. McGowan*, for appellant, cited Rev. Code, page 461, article 145; *Foster* v. *Bisland*, 23 Miss. R. 296; *Rice* v. *Smith*, 37 Miss. R. 644.

*W. C. Harper*, for appellee.

ELLETT, J., delivered the opinion of the court.

The appellant, in January, 1865, filed three separate petitions against the appellee, as guardian severally of S. E. Liles, N. T. Liles, and G. W. S. Liles. The petitions were precisely alike, except in the name of the ward. They alleged that the petitioner, in 1856, became the surety of the defendant as guardian of said wards, respectively, and that he conceived

himself in danger of suffering by reason of his being such surety, and prayed that the defendant might be required to give a new bond.

On the filing of these petitions, the petitioner took an order in the following words:

" In the matter of the petition of Thomas Coleman, surety on the bond of A. H. Lamar, guardian of Nelson T. Liles *et al.*, heirs of Charles Liles, deceased, for relief."

The said guardian having appeared in open court, and waived citation, it is ordered by the court that the cause be continued to the next term thereof. Prior to the next term, the defendant filed one answer entitled in all three of the cases, and purporting to be an answer to all said petitions, alleging that all of them were founded on the same cause. In this answer he stated that one of his wards had been *killed at the* battle of Murfreesboro in December, 1862 ; that another had been captured at Port Hudson in July, 1863, and was then a prisoner at Johnson's Island ; and that the third was then in the Army of Tennessee ; and that, for these reasons, he could not make a final settlement, which he was anxious to do ; that he had kept the property of his wards carefully, and without loss on his part, or by his fault or neglect, and was ready to distribute the same ; and that the petitioner was in no more danger of suffering from his said liability, than when he became so bound ; that he was then worth more, in his own private right, than the value of the whole property involved, and more than he was when he gave said bond ; and that his property was unincumbered, and that he owed very small proportionate liabilities.

To this answer the petitioner filed a general demurrer, entitled in all the three cases.

The cause was heard upon the above pleadings, without any proof, and the court overruled the demurrer, and entered a separate decree in each case dismissing the petition.

The petition for the appeal again unites the cases, and treats them as one, as does the order granting the appeal.

Counsel for appellant complain that a separate answer was not filed to each petition, and the cases kept distinct in the

court below. The proceeding was certainly very irregular, but the appellant did not object to it in the Probate Court. On the contrary, he himself committed the first fault. Moreover this irregularity is not assigned for error.

The only error assigned is the overruling of the demurrer to the answer, and the dismissal of the petitions without giving the appellant an opportunity to make proofs.

There was no sort of propriety in filing a demurrer to the answer. The petitioner had his option to go to trial upon petition and answer alone, or to proceed first to take proof to controvert the answer. By going to trial upon petition and answer he would have impliedly admitted the truth of the answer, and the demurrer put him in no worse position, for it really amounted only to the same thing. It is impossible to regard a demurrer in the light of a mere exception to an answer. Having seen proper then to rest his cause upon an admission of the truth of the answer, the appellant cannot complain that the court did not direct him to take testimony to disprove it, especially as he did not ask permission or opportunity to do so.

The question then is, whether on a petition of this kind, the petitioner is entitled to the relief prayed for, not only without any showing that he is in any danger of suffering by his suretyship, but in the face of an answer denying that any such danger exists? The statute under which the proceeding was instituted furnishes a full and satisfactory answer to this inquiry. It provides that "if the sureties of any guardian should apprehend danger, and desire to be discharged, they may petition the court for that purpose, and the guardian shall be summoned, and if, on hearing, the court should be of opinion that the complaint is well founded, the guardian may be required to give new sureties," etc. Rev. Code, 461, article 145. The right to the relief depends, then, on the condition that the court shall be satisfied that the complaint is well founded, that is, that the surety is in danger of suffering loss or damage by reason of his liability. This allegation, if denied, must be sustained by proof, and in the absence of such proof, it is the duty of the court to dismiss the petition.

The case of *Foster* v. *Bisland*, 23 Miss. 296, is relied on as an authority for the opposite view of the case. It is true that case arose under a statute similar in effect to the one just quoted, but we do not understand it as deciding anything more than that the fact of a deed of trust having been made to indemnify the surety, will not preclude him from proceeding to be relieved. The court say that " the petitioner must have relief, if at all, on the case made by his petition," and that " he is entitled to be either discharged, or to have counter security, whenever he shall by petition present a proper case to the court." The inquiry, whether a proper case is made by the petition, certainly involves the question whether the facts stated in it are true. No court can be required to give a judgment without hearing the cause. The sureties are not entitled to be relieved merely because they may desire to be discharged. The statute is not made in favor of mere whim or caprice, but is designed to afford relief when there shall be just ground to apprehend danger, and of this the court must judge.

There being no error in the proceedings, the action of the court below will be affirmed.