In The Matter of The Estate of Robert Rowell, Deceased, By Mrs. Georgia Estelle Rowell, Administratrix

No. 42751          October 14, 1963          156 So. 2d 812

*Cox, Dunn & Clark,* Jackson, for appellant.

572

*Melvin, Melvin & Melvin,* Laurel, for appellee.

GILLESPIE, J.

Mrs. Georgia Estelle Rowell was appointed administratrix of the estate of Robert Rowell, deceased on June 26, 1962, and thereafter executed and filed bonds as administratrix in the total sum of $25,000, with the Western Casualty & Surety Company as surety. On August 28, 1962, the brothers and sisters of Robert Rowell, deceased, filed a petition to remove the said Mrs. Georgia Estelle Rowell as administratrix of the estate and charged that by her conduct she was estopped from inheriting said estate. On September 26, 1962, Western Casualty & Surety Company, hereinafter called surety, filed its petition in which it sought to be relieved as surety on the bond of Mrs. Rowell, administratrix of said estate, ".... as provided in Section 650, Mississippi Code of 1942, and for the reasons set forth in said statute on which the privilege is granted. . . . ." Citation was issued for and served on Mrs. Rowell as administratrix, and she filed an answer denying there was any danger of loss because of said suretyship, and denying that the petitioner was entitled to the relief sought. When the petition came on for hearing, the surety rested on the petition and did not offer any proof that there was danger of loss. The court took the petition under advisement and thereafter entered an order dismissing the petition. The surety appealed.

The question for decision is whether a surety on an administrator's bond is entitled to be relieved under

Section 650, Miss. Code of 1942, as a matter of right. We hold that when a surety invokes Section 650, the right accrues that the court may not deny relief.

Section 650, Miss. Code of 1942, is as follows:

"A surety on any bond of an executor, administrator, county administrator, or any other administrator apprehending danger of loss because of his suretyship, may petition the court, chancellor, or clerk to require the executor or administrator to give a new bond and that he may be discharged from further liability, and the court, chancellor, or clerk, on five days' notice to the executor or administrator, shall grant such petition and require a new bond, within a reasonable time, to be prescribed; and in case of refusal or failure to give such new bond, the executor or administrator shall be removed and administration be bonis non granted. And the acts done by the executor or administrator, and all proceedings that may have been instituted against him, shall be treated and conducted by or against his successor, as in case of the death of an executor or administrator; and if the executor or administrator shall give new bond as required, the original bond shall from that time cease to be operative in future, but not as to previous liabilities; and the effect of such new bond shall be to bind the obligors therein for past as well as future liabilities."

The statute provides in plain language that the court or clerk "shall grant such petition and require a new bond" within a reasonable time. The statute gives the surety the right to be relieved. The only area of discretion is in determining what is a reasonable time within which the administrator must make the new bond. It is not required that the surety aver in its petition or prove any facts on which it apprehends danger of loss. When the bond was executed, Code Section 650 became a part thereof. This is not a statute which

requires construction, the right of the surety being fixed by statute.

There are no cases from this jurisdiction deciding the precise point but the authorities elsewhere agree with what is said above when the statute gives the right independent of the court's discretion. 34 C.J.S., Executors and Administrators, Sec. 960, page 1184; Anno., 118 A.L.R. 1261, page 1272. Cf. Morehead v. United States Fidelity & Guaranty Co., 187 Miss. 55, 192 So. 300.

In the oral argument our attention was called to the fact that the petition of the Surety did not aver that it apprehended danger of loss, but in our opinion the petition is sufficient. It invokes the privilege, names the Code section, and states that it seeks relief for the reasons set forth in the statute.

The administratrix, appellee in these proceedings, relies on Foster v. Bisland, 23 Miss. 296 (1852), which was decided on the basis of Chap. 49, Article 1, Sec. 65, Miss. Code of 1848, which merely provided that when a surety conceived itself in danger of suffering loss thereby and petitioned the court for relief, the court "shall have full power to order" the relief sought. That case is not in point.

The other case relied upon by appellee is Coleman v. Lamar, 40 Miss. 775 (1866). That case involved a guardian's bond, but before the case was decided and in 1857, the legislature had provided a separate provision for bonds of executors and administrators by Chap. 60, Article 66, Miss. Code of 1857, and that statute provided that "the court shall grant such petition and require new sureties." Coleman v. Lamar, supra, was controlled by Chap. 60, Art. 145, Miss. Code of 1857, dealing with sureties on guardians' bonds, and that statute provided that if the surety apprehended danger, ". . . . the guardian may be required to give a new bond. . ." Thus Coleman v. Lamar is not in point.

The decree is reversed and judgment is entered here remanding the case to the lower court for fixing a reasonable time within which the administratrix must file a new bond, and for further proceedings as required by statute.

Reversed and remanded.

*McGehee, C. J., and Kyle, Ethridge and Brady, JJ.,* concur.